# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| ROBERT BARKER, Individually and For Others Similarly Situated,<br><br>v.<br><br>DOMINION ENERGY, INC. | Case No.  3:20-cv-00117 |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff Robert Barker (Barker) brings this lawsuit to recover unpaid overtime wages and other damages from Dominion Energy, Inc. (Dominion) under the Fair Labor Standards Act (FLSA).

2. Dominion is one of the nation's largest producers and transporters of energy.

3. Barker and the other workers like him regularly worked for Dominion in excess of forty (40) hours each week.

4. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Barker and those workers similarly situated received a daily rate with no overtime compensation.

### JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper in this Court because Dominion is headquartered in Richmond, Virginia.

## THE PARTIES

8. Barker worked for Dominion from April of 2017 until June of 2017 as a Utility Inspector.

9. Throughout his employment with Dominion, Barker was paid a day-rate with no overtime compensation.

10. Barker was staffed to Dominion by Hunt, Guillot & Associates, Inc.

11. Barker's day-rate was $534.00 per day.

12. Barker's consent to be a party plaintiff is attached as <u>Exhibit A</u>.

13. Barker brings this action on behalf of himself and all other similarly situated workers who were received a day-rate while working for Dominion.

14. While working for Dominion, these workers received a flat amount for each day worked and did not get paid overtime for hours worked in excess of 40 hours in a workweek.

15. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All workers who were paid a day-rate with no overtime while working for Dominion Energy, Inc. in the past 3 years ("Putative Class Members").**

16. Dominion may be served through its registered agent, CT Corporation System, 4701 Cox Rd., Suite 285, Glen Allen, Virginia 23060.

## COVERAGE UNDER THE FLSA

17. At all times hereinafter mentioned, Dominion has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Dominion has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19.     At all times hereinafter mentioned, Dominion has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as debris removal equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000.00.

20.     At all times hereinafter mentioned, Barker and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

### FACTS

21.     Dominion is one of the nation's largest producers and transporters of energy.

22.     To provide its services, Dominion uses staffing companies to hire employees to perform work.

23.     Barker was a Utility Inspector for Dominion.

24.     Barker worked for Dominion on a natural gas pipeline project in Dillon, South Carolina.

25.     Barker would conduct inpesctions, run inspection reports, and turn them into Dominion supervisors.

26.     Barker reported to Dominion's Chief Inspector.

27.     Barker was staffed to Dominion by Hunt, Guillot & Associates.

28.     Hunt, Guillot & Associates is one of Dominion's many staffing companies.

29.     Dominion determined the terms and conditions of Barker and the Putative Class Members' employment.

30. Dominion supervised and controlled, set pay, determined hours, and approved pay with respect to Barker and the Putative Class Members.

31. Many of these individuals worked for Dominion on a day-rate basis and make up the proposed Putative Class.

32. While exact job titles and job duties may differ, these workers are subject to the same or similar illegal pay practices for similar work.

33. Dominion through its staffing companies paid Barker and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

34. For example, Barker worked for Dominion from April 2017 to June 2017.

35. During this time, Barker was paid on a day-rate basis.

36. Barker and the Putative Class Members normally worked 12 hours a day.

37. Dominion never guaranteed Barker and the Putative Class Members a salary.

38. Barker and the Putative Class Members were not paid on a salary basis.

39. The Putative Class Members worked hours similar to Barker.

40. The Putative Class Members were denied overtime by the same illegal pay practice that resulted in Barker being denied overtime wages.

41. Failing to pay Barker and the Putative Class Members overtime violates the FLSA because these workers are non-exempt.

42. The day-rate system violates the FLSA because Barker and the Putative Class Members did not receive any overtime pay for hours worked over 40 hours each week.

## FLSA VIOLATIONS

43. As set forth herein, Dominion has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

44. Dominion knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation.

45. Dominion's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

46. Accordingly, Barker and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

47. Barker incorporates all previous paragraphs and alleges that the illegal pay practices Dominion imposed on Barker were likewise imposed on the Putative Class Members.

48. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

49. Numerous other individuals who worked with Barker indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

50. Based on his experiences and tenure with Dominion, Barker is aware that Dominion's illegal practices were imposed on the Putative Class Members.

51. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of 40 hours per week.

52. Dominion's failure to pay wages and overtime compensation at the rates required by law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

53. Barker's experiences are therefore typical of the experiences of the Putative Class Members.

54. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

55. Barker and the Putative Class Members all performed work in furtherance of the power industry.

56. Barker has no interests contrary to, or in conflict with, the Putative Class Members.

57. Like each Putative Class Member, Barker has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

58. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

59. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Dominion will reap the unjust benefits of violating the FLSA.

60. Furthermore, even if some of the Putative Class Members could afford individual litigation against Dominion, it would be unduly burdensome to the judicial system.

61. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

62. Barker's claims are typical of the claims of the Putative Class Members. Barker and the Putative Class Members sustained damages arising out of Dominion's illegal and uniform employment policy.

63. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

64. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

65. Barker demands a trial by jury.

## RELIEF SOUGHT

66. WHEREFORE, Barker prays for judgment against Dominion as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Dominion liable for unpaid back wages due to Barker and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   d. For an Order granting such other and further relief as may be necessary and appropriate.

Dated:     February 20, 2020

Respectfully submitted,

By: /s/ *Harris D. Butler*
Harris D. Butler (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
**Butler Royals, PLC**
140 Virginia Street, Suite 302
Richmond, Virginia 23219
804-648-4848 – Telephone
804-237-0413 – Facsimile

**Michael A. Josephson**
Texas State Bar No. 24014780
**Andrew Dunlap**
Texas State Bar No. 24078444
**Richard M. Schreiber**
Texas State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF**