IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER SZIBER, on behalf of
himself and all others similarly situated,
          Plaintiff,

v.                                                  Civil Action No. 3:20-cv-117

DOMINION ENERGY, INC.,
          Defendant.

## FINAL ORDER

On March 1, 2022, the Court received the Parties' consent motion for approval of FLSA settlements by Named Plaintiff, Chris Sziber, on behalf of himself and all others similarly situated, and Defendant. (ECF No. 120.) The Court has considered the Settlement Agreements and their exhibit/tables, including the Notice Materials, and the submissions of Counsel, and hereby FINDS and ORDERS as follows:

1. The Court finds that the settlement memorialized in the Settlement Agreements, (ECF No. 121-1; ECF No. 121-2), and filed with the Court falls within the range of reasonableness and, therefore, meets the requirements for approval.

2. The Court grants approval of the Parties' Settlement Agreements.

3. The Court approves the full and final extinguishment of the Released Federal and state Law Claims of the Class Members as set forth in the Settlement Agreements as fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act ("FLSA").

4. The Court approves Class Counsel's fees and costs as fair and reasonable.

5. The Court appoints, for settlement purposes only, Josephson Dunlap, LLP, Bruckner Burch, PLLC, and Butler Curwood, PLC, as Class Counsel for the purposes of Settlement and the releases and other obligations therein.

6. This Court approves Simpluris as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement.

7. The Notice to be provided as set forth in the Settlement Agreements, (ECF No. 121-1, Ex. 1; ECF No. 121-2, Ex. 1), is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement. The Notice is accurate, objective, and informative and provides the Class Members with all of the information necessary to make an informed decision regarding their participation in the settlement and its fairness.

8. The Notice of Settlement of FLSA Lawsuit, attached to the Settlement Agreements as Exhibit 1, (ECF No. 121-1, Ex. 1; ECF No. 121-2, Ex. 1), is approved. The Settlement Administrator is authorized to mail those documents to the Class Members as provided in the Settlement Agreement.

9. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this litigation shall constitute, be construed to be, or be admissible in this litigation or any other proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, (b) of an adjudication of the merits of this litigation, (c) an adjudication of any of the matters subject to the Releases in the Settlement Agreement, (d) that any party has prevailed in this case, or (e) that Defendant or the Released Parties have engaged in any wrongdoing.

10. The Court further dismisses this lawsuit brought herein, by Plaintiff on behalf of himself and all others similarly situated, with prejudice. Thus, the Court DIRECTS the Clerk to close this case.

11.     Because the Court approves the Parties' Settlement Agreements, the Court CANCELS the hearing set on April 25, 2022, and VACATES its March 3, 2022 Order. (ECF No. 122.)

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: __10__ March 2022
Richmond, VA

/s/ _____
John A. Gibney, Jr.
Senior United States District Judge